UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAKE PANKEY,

                                                    Plaintiff,

           v.                                                    9:20-CV-0577
                                                              (GTS/DJS)

ANTHONY ANNUCCI, et al.,

                                                  Defendants.
_____

APPEARANCES:

JAKE PANKEY
19-R-0015
Plaintiff, pro se
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Jake Pankey ("Plaintiff") commenced this action by filing a Complaint asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility ("Mid-State C.F."). Dkt. No. 1 ("Compl.").

By Decision and Order of this Court filed July 30, 2020 (the "July Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 6. Presently

before the Court is the Amended Complaint. Dkt. No. 9 ("Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A(b) was discussed at length in the July Order and it will not be restated in this Decision and Order. *See* Dkt. No. 6 at 2-4. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. SUMMARY OF AMENDED COMPLAINT[1]

Construing the Amended Complaint liberally, Plaintiff reiterates his claims against individuals who were previously identified as defendants in the original Complaint. *See generally* Am. Compl. The facts asserted in the Amended Complaint, are identical to those in the Complaint. *Compare* Compl. *with* Am. Compl. The Amended Complaint contains no new causes of action and the requests for relief are the same as those in the Complaint reviewed in the July Order. *See id.*

## IV. ANALYSIS

### A. Fourteenth Amendment Procedural Due Process

As a result of the review of the original Complaint, the Court determined that Plaintiff's

---

[1] The original complaint included exhibits. Dkt. No. 1-1. Plaintiff incorporated, by reference, the same exhibits attached to the original complaint, but failed to actually attach the exhibits to the amended complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013). To require plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action." *Alexander v. U.S.*, No. 13-CV-678, 2013 WL 4014539, at *4 (N.D.Cal. Aug. 5, 2013). Because Plaintiff is proceeding pro se, the Court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the Amended Complaint.

Fourteenth Amendment due process claim against CHO Bambosa ("Bambosa") survived review. Dkt. No. 6 at 8-10. This claim is repeated and realleged in the Amended Complaint and thus, survives review as well. However, in the July Order, the Court noted that it was precluded from directing service of the Complaint or requiring a response from Bambosa based upon *Heck v. Humphrey* and *Peralta v. Vasquez*. Dkt. No. 6 at 11-13. The Court reasoned:

> In *Peralta*, the Second Circuit ruled that *Heck*'s "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement." *Id*. at 104. The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement. *Id*. (emphasis in original).
>
> In this case, it is not clear whether Plaintiff was subjected to "mixed sanctions" affecting both the duration and the conditions of his confinement. Since Plaintiff has not demonstrated that his disciplinary determinations have been invalidated, *Heck* bars a challenge regarding the validity of his conviction. To the extent Plaintiff was subject to "mixed sanctions", *Heck* bars those claims unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit." *Id.*
>
> Accordingly, Plaintiff is directed to advise in writing, whether he waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with claims challenging sanctions affecting the conditions of his confinement.

Dkt. No. 6 at 13.

The Amended Complaint does not include a *Peralta* waiver or any statement from Plaintiff that could be construed as such to cure the deficiencies identified in the July Order. Indeed, iIn the Amended Complaint, Plaintiff restates that his "direct appeal" was "affirmed" and "prays to this Court [v]ia Article 78 a review of this whole despotic exchange[.]" Am. Compl. at ¶ 21. As the Second Circuit stated in *Peralta*: ". . . the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit." *Peralta*, 467 F.3d at 104.

In light of Plaintiff's pro se status, he is hereby afforded a second opportunity to submit the waiver required by *Peralta* if he wishes to proceed with his due process claim arising out of the disciplinary proceeding. As advised in the July Order, that waiver must clearly and unequivocally state that "he waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement." Dkt. No. 6 at 13.

Plaintiff is advised that in the event a proper *Peralta* waiver is not filed within thirty (30) days of the date of this Decision and Order, his due process claim against Bambosa will be dismissed without prejudice in accordance with *Heck*.

**B. Remaining Claims**

In the July Order, the Court dismissed the following claims, without prejudice: (1) Fourteenth Amendment procedural due process claims against ORC Luren, Vocational Supervisor M. Lusby, and Commissioner Anthony Annucci; (2) substantive due process

4

claims; and (3) Fourth Amendment claims.  *See generally* Dkt. No. 6*.*

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to remedy the pleading deficiencies identified in the July Order with respect to these claims. The Amended Complaint includes no new factual allegations; indeed, the allegations are the same as those in the Complaint reviewed in the July Order.  For the reasons set forth in the July Order, the aforementioned claims are dismissed.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 9) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Fourteenth Amendment procedural due process claims against ORC Luren, Vocational Supervisor M. Lusby, and Commissioner Anthony Annucci; (2) substantive due process claims; and (3) Fourth Amendment claims; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment procedural due process claim against Bambosa survives this Court's review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Plaintiff is afforded a second opportunity to file the *Peralta* Waiver required by the July Order if he wishes to proceed in this action with his due process claim against Bambosa challenging the disciplinary sanctions affecting the conditions of his confinement; and it is further

**ORDERED** that Plaintiff must file his *Peralta* Waiver within thirty (30) days of the date of this Decision and Order; and it is further

**ORDERED** that upon Plaintiff's filing of the *Peralta* Waiver, and in all events, at the expiration of the thirty (30) day period from the filing date of this Decision and Order, the Clerk shall return the file for review and issuance of an order directing service of process; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order upon Plaintiff.

Dated: October 30, 2020
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　Hon. Glenn T. Suddaby
　　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge